**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

MAR 1 0 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| HECTOR ERNESTO HERNANDEZ,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.     ) | Civil Action No.   **11** ᴐ510 |
| ) | |
| ERIC HOLDER,     ) | |
| United States Attorney General,     ) | |
| ) | |
| Defendant.     ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff alleges that he "was falsely arrest[ed] by the border patrol" on July 18, 2009, and that he remains in custody "because of perjured testimony given by the agents." Compl. at 5. He further alleges that "[a]t no time during [his] arrest [were his] *Miranda* rights read to [him]," in violation of his constitutional rights. *Id.* He demands "actual compensate [sic] for false imprisonment and mental and emotional stress [i]n the amount of 3 million dollars." *Id.*

Because plaintiff's claims go to the fact of his incarceration, he cannot recover damages in this civil rights action without showing that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Plaintiff has not satisfied this prerequisite.

This action will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because the complaint fails to state a claim upon which relief can granted. An Order is issued separately.

_____
United States District Judge

DATE: March 1, 2011